JAMES ALLEN       STATE BAR NO. 92483
ALLEN LAW CORP.
P.O. BOX 1003
THOUSAND OAKS, CA. 91358
PHONE (818) 735-7000
EMAIL: JAMES@ALLENLAWCORP.COM

ATTORNEYS FOR DEFENDANT HAKAM BARAKAT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOUYER<br><br>            Plaintiff<br><br>    vs.<br><br>HAKAM BARAKAT<br><br>            Defendants | Case No.: 2:20-cv-07725-PA-JEM<br><br>**MOTION TO DISMISS**<br><br>Date: May 3, 2021<br>Time: 1:30 pm<br>Judge: Percy |

This matter is brought before this Court on Defendants Motion to Dismiss for Lack of Jurisdiction. Defendant respectfully requests that the complaint in this matter be dismissed as the matter has been rendered moot by Defendants full Compliance with all ADA requirements. This motion is based upon the points and authorities and argument submitted herewith, the declaration of Hakam Barakat submitted herewith, the CASp inspection attached to the declaration of Hakam Barakat, the argument of counsel and upon such other and further evidence as the court my consider at the hearing of the within matter.

## BACKGROUND

Plaintiff ANTHONY BOUYER filed his Complaint against Defendant HAKAM BARAKAT on 8/25/2020. In his complaint Plaintiff asserts that he visited Defendant's place of business located at 496 Moorpark Ave, Moorpark, California, on or about August 1, 2020 (Plaintiff's complaint paragraph 8). Plaintiff alleges Defendant violated the ADA as follows: "there were no designated parking spaces available for persons with disabilities that complied with the 2010 Americans with Disabilities Act" (Plaintiff's complaint paragraph 11), and that "Defendants have: an accessible parking area whose slope exceeds ADAAG specifications (Section 502.4); and, an accessible parking space that does not contain compliant accessible parking signage (Section 502.6)" (Plaintiff's complaint paragraph 12). Plaintiff alleges that "As a result of the difficulty experienced because of the inaccessible condition of the facilities of the Business Plaintiff was denied full and equal access to the Business and Property" (Plaintiff's complaint paragraph 21). In his first Cause of Action Plaintiff alleges Defendant's violation of the [Americans with Disabilities Act ("ADA")]. In his Second Cause of Action Plaintiff alleges violation of the UCRA, , California Civil Code section 51 et. seq. This Court has declined to exercise jurisdiction over Plaintiff's State law claims and they have been dismissed. Plaintiff can only seek relief under the alleged ADA violations. The instant complaint is one of over 500 maters filed by Anthony Bouyer alleging violations of his rights as an ADA advocate.

## DEFENDANT HAS REMEDIED ALL ALLEGED ADA VIOLATIONS

Upon receiving plaintiff's complaint, Defendant analyzed and considered the options available to him to address the claims made in the complaint. Defendant determined that, although the parking lot was constructed in compliance with the plans approved by the City of Moorpark and was compliant with the ADA requirements of the City of Moorpark when constructed, the concerns expressed by the plaintiff could be addressed by reconfiguring the parking lot and moving the Handicap parking space to the East, thereby eliminating the claim that the slope of the line of travel exceeded that allowed by law. (see Declaration of Hakam Barakat) Defendant undertook the repairs and changed the configuration of his parking lot so as to eliminate any of the alleged conflicts identified by Plaintiff. Defendant then caused the parking lot at the premises to be inspected and obtained the CASp inspection dated 12/5/2020 attached to the Declaration of Hakam Barakat as exhibit A. Following the unsuccessful mediation of this matter, Defendant now files this Motion to Dismiss.

## DEFENDANT MOVES TO DISMISS UNDER FRCP RULE 12 (B) (1)

For purposes of this motion Defendant does not dispute that the violations occurred, but states that the alleged violations have since been remedied. Specifically, Defendant alleges that the parking lot has been permanently reconfigured in compliance with the ADA, that Defendant raised the height of the handicap parking signs to be ADA compliant, and that Defendant resurfaced and restriped the parking lot to eliminate any barriers to the ADA accessibility requirements.

Defendant therefore moves to dismiss this matter under Rule 12(b)(1) of the Federal Rules of Civil Procedure, contending this Court lacks subject matter jurisdiction to resolve the matter because the violations alleged in Plaintiff's Complaint are now moot.

## STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. Basso v. Utah Power & Light Co. 495 F.2d 906, 909 (10th Cir. 1974). "Rule 12(b)(1) motions can take the form of either a 'facial' or a 'factual' attack on the court's subject matter jurisdiction." Ingram v. Faruque 728 F.3d 1239, 1242 (10th Cir. 2013). When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations [A] court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). Holt v. United States 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## PLAINTIFF'S CLAIMS ARE MOOT

It is Defendant's assertion that Plaintiff's claims should be dismissed because Defendant has voluntarily remedied the alleged ADA violations, therefore rendering Plaintiff's claims moot. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction" McClendon v. City of Albuquerque 100 F.3d 863, 867 (10th

Cir. 1996). In determining whether a controversy is "live," "the crucial question is whether 'granting a present determination of the issues offered will have some effect in the real world.'" Citizens for Responsible Gov't State Political Action Comm. v. Davidson 236 F.3d 1174, 1182 (10th Cir. 2000) (quoting Kennecott Utah Copper Corp. v. Becker, 186 F.3d 1261, 1266 (10th Cir. 1999). The controversy must remain live throughout the entire proceeding. See Chafin v. Chafin, 568 U.S. 165, 172 (2013) ("The case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.") "A federal court must order dismissal for mootness if the controversy ends prior to a decision even if a justiciable controversy existed when the suit began." Citizen Ctr. v. Gessler 770 F.3d 900, 906 (10th Cir. 2014). ). In cases involving alleged ADA violations, courts have found a defendant's voluntary remedial efforts may moot the litigation under certain circumstances. see Grove v De La Cruz 407 F. Supp. 2d 1126, 1130–31 (C.D. Cal. 2005) This is because Title III of the ADA provides only for injunctive relief, not monetary damages. id. at 1130. Therefore, once a defendant has voluntarily complied with the injunctive relief that would otherwise be ordered by a court, no further controversy exists and the case is moot.

Defendant acknowledges that voluntary cessation of alleged offensive conduct can moot litigation only "if it is clear that the defendant has not changed course simply to deprive the court of jurisdiction." Rio Grande Silvery Minnow v. Bureau of Reclamation 601 F.3d 1096, 1115 (10th Cir. 2010) (quoting Nat'l Advert. Co. v. City of Miami 402 F.3d 1329, 1333 (11th Cir. 2005). This requirement "exists to counteract the possibility of a defendant ceasing illegal action long enough to render a lawsuit moot and then resuming the illegal conduct." id at 1130. "The party asserting mootness bears the 'heavy burden of persuading' the court that the challenged conduct cannot reasonably be expected to start up again." id at 1116 (quoting Friends of the Earth, Inc. v. Laidlaw Envtl.Servs. (TOC), Inc., 528 U.S.

167, 189 (2000)) "Such a burden will typically be met only by changes that are permanent in nature and that foreclose a reasonable chance of recurrence of the challenged conduct." <u>Tandy v. City of Wichita</u>, 380 F.3d 1277, 1291 (10th Cir. 2004).

### **THERE IS NO LONGER A CASE IN CONTROVERSY**

In his attached declaration Defendant demonstrates that he remedied the alleged ADA violations by (1) Relocating the handicap parking space to the East, thereby eliminating the change in level of the access alleged in paragraph 29 of the complaint (2) Resurfacing and restriping the parking lot to be fully ADA compliant (3) Installing new signage over the relocated handicapped parking space (4) Having the premises inspected and certified as compliant by a certified CASp inspector. Plaintiff cannot refute the fact that the premises are now fully compliant with the ADA.

### **DISMISSAL IS CONSISTANT WITH APPLICABLE LAW**

Defendant invites this court's attention to several cases in support of its argument that its remedial efforts have rendered Plaintiff's Complaint moot. In <u>Tandy v. City of Wichita</u>, 380 F.3d 1277, 1291 (10th Cir. 2004), disabled passengers brought suit against the city transit system for various violations of the ADA. Following the initiation of the suit, the city remedied each of the violations by changing its policy so all fixed bus routes were accessible, each bus on the fixed bus routes included a lift, and drivers were directed to always deploy lifts for disabled riders. The Tenth Circuit found that " nothing in the record suggest[ed] that Wichita Transit intend[ed] to resume its discontinued policies if [the] case [was] dismissed as moot," and dismissed the case finding that it was absolutely clear the allegedly

wrongful behavior could not reasonably be expected to recur Id (quoting Laidlaw, 528 U.S. at 698).  In Bacon v. Walgreen Co. 91 F. Supp. 3d 446 (E.D.N.Y. 2015) the plaintiff—a man confined to a wheelchair—brought suit after he was injured while attempting to pass through two electronic sensors placed at either side of the exit doors located at the defendant's place of business. The defendant filed a motion to dismiss after it permanently widened the placement of the sensors to be ADA compliant. Applying the same standard adopted by the Tenth Circuit, the District Court for the Eastern District of New York found "no reason whatsoever why defendant would wish to position the sensors in a narrower width," and further found "no evidence suggesting that [the defendant] intend[ed] to move the sensors." Id at 452.  As a result, the court held that it could not reasonably find that the defendant would move the security sensors back to their original position and dismissed the case as moot. Similarly, in National Alliance for Accessibility, Inc. v. Walgreens Co. No. 3:10-CV-780-J-32-TEM, 2011 WL 5975809 (M.D. Fla. Nov. 28, 2011) the plaintiff brought suit against the defendant for the defendant's failure to comply with a number of ADA requirements. Again, the defendant argued the plaintiff's claims were moot after it remedied the violations by making permanent alterations to its facility. The District Court for the Middle District of Florida noted that, in cases dismissing ADA claims as moot as a result of voluntary secession, "courts have generally found that the alleged discrimination cannot reasonably be expected to recur because structural modifications are unlikely to be altered in the future." Agreeing with the cited opinions, the court dismissed the case as moot, finding that, because Walgreens had invested substantial resources to make its store ADA-compliant, it would be unreasonable to think that Walgreens would remove the improvements or otherwise violate the ADA after the case was dismissed. In Shelton v. Cafe Rio, Inc. No. 1:17-CV-00070, 2017 WL 4402425 (D. Utah Oct. 2, 2017) the plaintiff brought suit against Cafe Rio for its failure to have a van accessible handicap sign installed in its parking lot, as required by the ADA. Cafe

Rio filed a motion to dismiss arguing its permanent installation of a van accessible handicap sign in its parking lot mooted the plaintiff's claim. The court held that the plaintiff offered "no legitimate reason why Café Rio would desire to dig up the cemented sign if the case was dismissed as moot."

## **THE COURT SHOULD DISMISS THE WITHIN MATTER**

Plaintiff can provide no evidence or reasoning supporting a contention that any relief can or should be gained by the continuation of this litigation. There is no further action of Defendant which should be enjoined by this court. Defendant is not likely to bear the cost of undoing its remedial efforts only to defy the ADA requirements and risk further litigation. Defendant has remedied or assisted in remedying each of the ADA violations alleged in Plaintiff's Complaint. The changes are permanent in nature, and there is no evidence or logical reasoning suggesting Defendant will engage in any offending practices. Defendant respectfully requests that the within matter be dismissed as Moot.

DATED: March 30, 2021

                                          *James Allen*
                                          James Allen

Declaration of Hakam Barakat

I Hakam Barakat do say and declare

1. That I am an individual over the age of 18 years. I am the named defendant in the within litigation. I make this declaration of my own personal knowledge except as to those things alleged on information and belief which I believe to be true.
2. I am the owner of the real property located at 496 Moorpark Ave. Moorpark, California. I am the operator of a small market operated from the premises. On March 2, 2011 the city of Moorpark issued me a permit for the rehabilitation of the premises and the creation of handicapped parking and handicapped access for the premises. The City advised me as to where and how I was to construct the handicapped parking and indicated that compliance with that permit would place my property in a position of being ADA compliant.
3. I caused the parking lot to be constructed as configured in the zoning clearance issued March 2, 2011 and operated the premises without incident from March 2, 2011.
4. On or about August 25, 2020 plaintive herein Anthony Bouyer filed his complaint against me alleging that my premises were not ADA compliant. This was I was served with the complaint shortly thereafter.
5. Upon receipt of the complaint I immediately contacted my contractor Meckauer Design and Build, Inc. to determine whether in my premises were

ADA compliant. I obtained a report from Robert Meckauer dated September 19, 2020 indicating that the existing handicap parking was in compliance with ADA requirements and that the owners site plan for the premises was constructed as approved per the city of Moorpark on 3/2/2011.

6. Notwithstanding these assurances I determined that it would be in my best interest as the property owner and my customers best interest to attempt to address the concerns expressed in Mr. Boyer's complaint. Toward that end I had my parking lot redesigned, resurfaced, repaved, restriped and resigned so as to eliminate any perceived obstructions to handicapped access and addresseach concern alleged in plaintiff's complaint. I undertook this effort at a cost to myself in excess of $5000.

7. Following the remediation work undertaken to the premises I retained the services of Jason James California access specialist (CASp) license number 479. Mr. James conducted a full site accessibility evaluation and determined that the premises were fully ADA compliant a copy of Mr. James his report is attached heretoas exhibit A. As can be seen from the site accessibility evaluation accessible parking is provided in compliance with applicable standards and accessible routes from all elements to the building entrance comply with applicable standards.

8. In order to address the concerns expressed in Mr. Bouyer's complaint the parking lot on the premises has been permanently reconfigured and new Handicapped Parking Signage has been installed at a raised height. I have resurfaced and restriped the parking lot to eliminate any barriers to the ADA accessibility requirements. I have caused each of the alleged violations identified by Plaintiff to be resolved by (1) Relocating the handicap parking space to the East, thereby eliminating the change in level of the access alleged

in paragraph 29 of the complaint (2) Resurfacing and restriping the parking lot to be fully ADA compliant (3) Installing new signage over the relocated handicapped parking space (4) Having the premises inspected and certified as compliant by a certified CASp inspector.

9. Plaintiff cannot refute the fact that the premises are now fully compliant with the ADA. It is my intention to continue to maintain my premises in compliance with all ADA requirements. I do not intend to waste the money that I have expended relocating my Handicapped parking space, resurfacing and restriping my parking lot, installing new signage and having the premises CASp certified.

10. There is nothing further that can be accomplished by continuing with the instant litigation.

I declare under penalty of perjury that the forgoing is true and correct and that this declaration was made and entered into this 31 day of March, 2021

Hakam Barakat

# Site Accessibility Evaluation

## Americans with Disabilities Act
## And
## Title 24 And Part 2 - California Building Code



**Prepared By**



# Building Principles
### Certified Access Specialists

**(951) 526 - 7960**

**www.buildingprinciples.com**

**Moorpark General Store**

**496 Moorpark Ave**
**Moorpark, CA 93021**

*CASp Evaluation*

*Inspection Date: 12/05/2020*
*Inspector: Jason James, CASp-479*

EXHIBIT A

## Parking

### Finding: 1

**Accessible parking is provided in compliance with applicable standards**

**Each lot where parking is provided for the public as clients, guests or employees, shall provide accessible parking and shall be located on the shortest accessible route of travel from adjacent parking to an accessible entrance.**

*2019 CBC 11B (CA) Section 11B-208.2*
Parking spaces complying with Section 11B-502 shall be provided in accordance with Table 11B-208.2 except as required by Sections 11B-208.2.1, 11B-208.2.2, and 11B-208.2.3. Where more than one parking facility is provided on a site, the number of accessible spaces provided on the site shall be calculated according to the number of spaces required for each parking facility.

*2010 ADAS Section 208.2*
Parking spaces complying with 502 shall be provided in accordance with Table 208.2 except as required by 208.2.1, 208.2.2, and 208.2.3. Where more than one parking facility is provided on a site, the number of accessible spaces provided on the site shall be calculated according to the number of spaces required for each parking facility.

### Citation:

**2019 CBC 11B (CA) Section: 11B-208.2**

**2010 ADAS Section: 208.2**



| Total Number of Parking Spaces Provided in Parking Facility | Minimum Number of Required Accessible Parking Spaces |
|---|---|
| 1 to 25 | 1 |
| 26 to 50 | 2 |
| 51 to 75 | 3 |
| 76 to 100 | 4 |
| 101 to 150 | 5 |
| 151 to 200 | 6 |
| 201 to 300 | 7 |
| 301 to 400 | 8 |
| 401 to 500 | 9 |
| 501 to 1000 | 2 percent of total |
| 1001 and over | 20, plus 1 for each 100, or fraction thereof, over 1000 |

*Moorpark General Store - 496 Moorpark Ave Moorpark, CA 93021*

**Finding #1 Additional Finding Photos**





## Accessible Route

### Finding: 2

The accessible routes from all elements to the building entrance comply with applicable standards.

When a building, or portion of a building, is required to be accessible, an accessible route of travel shall be provided to all portions of the building, to accessible building entrances and between the building and the public way. Where more than one route is provided, all routes must be accessible.

At least one accessible route within the boundary of the site must be provided from public transportation stops, accessible parking and accessible passenger loading zones and public streets or sidewalks to the accessible building entrance they serve.

The accessible route shall, to the maximum extent feasible, coincide with the route for the general public. At least one accessible route shall connect accessible buildings, facilities, elements and spaces that are on the same site. At least one accessible route shall connect accessible building or facility entrances with all accessible spaces and elements.

*2019 CBC 11B (CA) Section 11B-206.2.1*
*At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve. Where more than one route is provided, all routes must be accessible.*

### Citation:

**2019 CBC 11B (CA) Section: 11B-206.2.1**




**Finding #2 Additional Finding Photos**

5 of 5



