JAMES ALLEN          STATE BAR NO. 92483
ALLEN LAW CORP.
P.O. BOX 1003
THOUSAND OAKS, CA. 91358
PHONE (818) 735-7000
EMAIL: JAMES@ALLENLAWCORP.COM

ATTORNEYS FOR DEFENDANT HAKAM BARAKAT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOUYER<br><br>Plaintiff<br><br>vs.<br><br>HAKAM BARAKAT<br><br>Defendants | Case No.: 2:20-cv-07725-PA-JEM<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS; DECLARATION OF JASON JAMES**<br><br>DATE : May 17, 2021<br>TIME:1:30 pm<br>CRTRM: 9A<br><br>HON. PERCY ANDERSON |

Comes now Defendant, Hakam Barakat, and replies to Plaintiff's opposition to the motion to dismiss filed by Defendant.

This matter was brought before this Court on Defendants Motion to Dismiss for Lack of subject matter Jurisdiction. Defendant respectfully requested that the complaint in this matter be dismissed as the matter has been rendered moot by Defendants full Compliance with all ADA requirements.

In opposition to Defendant's motion Plaintiff argues that 1) The jurisdictional challenge is intertwined with the merits of the claim and is inappropriate as a 12(b)(1) motion, 2)that Defendant has not established mootness 3) that Defendant

- 1 -
Reply to Opposition to Motion To Dismiss

has not addressed the voluntary cessation standard and that 4) Defendant did not meet and confer pursuant to local rule 7-3. Each of these arguments is without merit. Defendant will address them in the order Plaintiff presented them.

**Defendant attempted to meet and confer on at least 3 occasions prior to bringing this motion**

Plaintiff's claim that Defendant did not meet and confer with Plaintiff prior to bringing this motion is not true. On March 9, 2021 the parties participated in court ordered mediation before David Bolstad, esq. in an attempt to bring this matter to resolution. As noted in the joint status report filed on March 15, 2021, Defendant provided Plaintiff with the CASp report demonstrating compliance with ADA standards. Plaintiff disagreed to the CASp report findings but offered no basis for that disagreement. Plaintiff still offers no legally admissible evidence to support the claim that the CASp report is inaccurate.  Following the mediation, Defendant contacted Plaintiff's counsel on two separate occasions in an attempt to resolve the claims of Plaintiff.  Those efforts were unsuccessful. On each occasion Plaintiff's counsel rebuked Defendant's attempt to resolve the matters at issue in this litigation. Defendant made every effort to meet and confer and to resolve the issues in good faith. It is Plaintiff who refused to address the issues in dispute in this litigation.

**Defendant has made an appropriate FRCP 12(b)(1) motion and FRCP 12(h)(3) authorizes the dismissal of this matter based upon the lack of subject matter jurisdiction.**

Despite Plaintiff's protestations to the contrary, 12(b)(1) motions regularly come before the District Court in the Central District of California and the court can and does regularly make determination as to whether a case in controversy exists. See for instance the court's ruling in the matter entitled <u>Munoz v Shorter</u>, wherein Judge Otis

Wright opined: "Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). Plaintiffs "may obtain injunctive relief against public accommodations with architectural barriers, including 'an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.'" *Molski v. M.J. Cable, Inc*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. § 12188(a)(2)). Accordingly, "a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co*., 654 F.3d 903, 905 (9th Cir. 2011); *see also Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130-31 (C.D. Cal. 2005)." Case No. 2:18-cv-09054-ODW

Defendant has already provided substantial authority for the proposition that this court can and should dismiss the claim of Plaintiff as moot. As set forth in FRCP 12 (h) (3) "*Lack of Subject-Matter Jurisdiction*. If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  In short, once Defendant establishes that there is no case in controversy for this court to exercise It's equitable jurisdiction over, The Federal matter can be dismissed. The argument contained in the Opposition that "Defendant's Restroom does not comply with the state and federal access ability laws" appears to be an argument copied from an unrelated claim filed in an unrelated litigation.

**Defendant has properly presented uncontroverted evidence that the Defendant's premises are ADA compliant.**

Plaintiff has argued that the CASp report submitted by Defendant is unauthenticated and is therefore unreliable. While Defendant disagrees with Plaintiff's assertions in this regard, Defendant has obtained the Declaration of the CASp professional who authored the report and has attached that declaration to this pleading. Attached hereto

the court is invited to review the Declaration of Jason James, authenticating the attached CASp report which he authored, and verifying the findings set forth in his CASp report.

Plaintiff submits no evidence to refute the CASp report and offers no evidence that would support a claim that there are any violations of the ADA for This Court to enjoin. It seems clear that there is no matter in controversy which requires This Court to exercise jurisdiction. As established by the declaration of Hakam Barakat and supported by the declaration of Jason James, Defendant has expended considerable time and money to address the claimed deficiencies alleged by Plaintiff. There is no basis for Plaintiff's speculation that Defendant might engage in some ADA violation in the future.

Plaintiff's citation to the case entitled <u>Moeller v Taco Bell Corp</u>. as support for its argument that Defendant might change its policies is without basis in fact. The Moeler court was concerned with a class action lawsuit filed under both state (Unruh Act and CDPA) and Federal (ADA) alleging claims against all of the Taco Bell locations in California. The parties agreed to a CASp special master. The parties worked agreed to remediation procedures which were set out in a policy manual. We are not dealing with a huge multinational conglomerate that might fail to enforce its current policies. Defendant has already cited extensive authority for the proposition that where there exists no indication that the alleged wrongful conduct is likely to reoccur the matter is moot (see Defendant's motion to dismiss and the citation to <u>Tandy v. City of Wichita</u>, 380 F.3d 1277, 1291 (10th Cir. 2004).

    Defendant submits that the within matter should be resolved by dismissal and that each party should bear their own costs and fees.

## THERE IS NO LONGER A CASE IN CONTROVERSY

In his declaration Defendant demonstrates that he remedied the alleged ADA violations by (1) Relocating the handicap parking space to the East, thereby eliminating the change in level of the access alleged in paragraph 29 of the complaint (2) Resurfacing and restriping the parking lot to be fully ADA compliant (3) Installing new signage over the relocated handicapped parking space (4) Having the premises inspected and certified as compliant by a certified CASp inspector. The attached Declaration of Jason James authenticates the CASp report submitted to show that Plaintiffs claims are moot. Plaintiff cannot refute the fact that the premises are now fully compliant with the ADA. There are no other claims asserted in Plaintiff's complaint which would a provide a basis for any relief.

## THE COURT SHOULD DISMISS THE WITHIN MATTER

Plaintiff has not and cannot provide evidence or reasoning supporting a contention that any relief can or should be gained by the continuation of this litigation. There is no further action of Defendant which should be enjoined by this court. Defendant is not likely to bear the cost of undoing its remedial efforts only to defy the ADA requirements and risk further litigation. Defendant has remedied or assisted in remedying each of the ADA violations alleged in Plaintiff's Complaint. The changes are permanent in nature, and there is no evidence or logical reasoning suggesting Defendant will engage in any offending practices. Defendant respectfully requests that the within matter be dismissed as Moot.

DATED: May 3, 2021

*James Allen*
James Allen

**Declaration of Jason James**

I, Jason James, do say and declare:

I am an individual over the age of 18 years and I am not a party to the within action.

All of the matters stated herein are of my personal knowledge except those things stated on information, which I believe to be true. If called as a witness I could and would testify competently to the matters stated herein.

I am a Certified Access Specialist (CASp-479). I am duly licensed by the State of California to inspect and evaluate places of public accommodation.

On 12/05/2020 I conducted a CASp evaluation of the Parking and of the Accessible Route of the Real Property located at 496 Moorpark Ave., Moorpark, CA.

I determined that Accessible Parking is provided in compliance with applicable standards and that accessible routes from all elements of the building entrance comply with applicable standards.

Attached hereto as exhibit A is a true and correct copy of the Site Accessibility Evaluation Which I authored following my 12/5/2020 Site inspection.

I declare under penalty of Perjury that the forgoing is true and correct and that this declaration was made and executed this 3 day of May 2021 at _TEMECULA_, California.

Jason James

- 1 -
Declaration of Jason James

# Site Accessibility Evaluation

## Americans with Disabilities Act
## And
## Title 24 And Part 2 - California Building Code



**Prepared By**



**Building Principles**
Certified Access Specialists

**(951) 526 - 7960**
www.buildingprinciples.com

**Moorpark General Store**

**496 Moorpark Ave**
**Moorpark, CA 93021**

*CASp Evaluation*

*Inspection Date: 12/05/2020*
*Inspector: Jason James, CASp-479*

EXHIBIT A

## Parking

### Finding: 1

**Accessible parking is provided in compliance with applicable standards**

**Each lot where parking is provided for the public as clients, guests or employees, shall provide accessible parking and shall be located on the shortest accessible route of travel from adjacent parking to an accessible entrance.**

*2019 CBC 11B (CA) Section 11B-208.2*
Parking spaces complying with Section 11B-502 shall be provided in accordance with Table 11B-208.2 except as required by Sections 11B-208.2.1, 11B-208.2.2, and 11B-208.2.3. Where more than one parking facility is provided on a site, the number of accessible spaces provided on the site shall be calculated according to the number of spaces required for each parking facility.

*2010 ADAS Section 208.2*
Parking spaces complying with 502 shall be provided in accordance with Table 208.2 except as required by 208.2.1, 208.2.2, and 208.2.3. Where more than one parking facility is provided on a site, the number of accessible spaces provided on the site shall be calculated according to the number of spaces required for each parking facility.

### Citation:

**2019 CBC 11B (CA) Section: 11B-208.2**

**2010 ADAS Section: 208.2**



| Total Number of Parking Spaces Provided in Parking Facility | Minimum Number of Required Accessible Parking Spaces |
|---|---|
| 1 to 25 | 1 |
| 26 to 50 | 2 |
| 51 to 75 | 3 |
| 76 to 100 | 4 |
| 101 to 150 | 5 |
| 151 to 200 | 6 |
| 201 to 300 | 7 |
| 301 to 400 | 8 |
| 401 to 500 | 9 |
| 501 to 1000 | 2 percent of total |
| 1001 and over | 20, plus 1 for each 100, or fraction thereof, over 1000 |

COMPLIANT

**Finding #1 Additional Finding Photos**





## Accessible Route

### Finding: 2

The accessible routes from all elements to the building entrance comply with applicable standards.

When a building, or portion of a building, is required to be accessible, an accessible route of travel shall be provided to all portions of the building, to accessible building entrances and between the building and the public way. Where more than one route is provided, all routes must be accessible.

At least one accessible route within the boundary of the site must be provided from public transportation stops, accessible parking and accessible passenger loading zones and public streets or sidewalks to the accessible building entrance they serve.

The accessible route shall, to the maximum extent feasible, coincide with the route for the general public. At least one accessible route shall connect accessible buildings, facilities, elements and spaces that are on the same site. At least one accessible route shall connect accessible building or facility entrances with all accessible spaces and elements.

*2019 CBC 11B (CA) Section 11B-206.2.1*
*At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve. Where more than one route is provided, all routes must be accessible.*

### Citation:

**2019 CBC 11B (CA) Section: 11B-206.2.1**




COMPLIANT

**Finding #2 Additional Finding Photos**

5 of 5





| | |
|---|---|
| 1 | |
| 2 | |
| 3 | CERTIFICATE OF SERVICE   I hereby certify that on May 3, 2021, a copy of the foregoing |
| 4 | **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS;** |
| 5 | **DECLARATION OF JASON JAMES**  were filed electronically and served by U.S. Mail on |
| 6 | anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties |
| 7 | by operation of the court's electronic filing system or by mail to anyone unable to accept |
| 8 | electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing |
| 9 | through the court's EM/ECF System. A copy of the moving papers, including the |
| 10 | **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS;** |
| 11 | **DECLARATION OF JASON JAMES** were served electronically on all interested parties and |
| 12 | served by U.S. Mail on anyone unable to accept electronic filing on May 3, 2021 |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | *James Allen* |
| 18 | James Allen |