UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7725 PA (JEMx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Anthony Bouyer v. Hakam Barakat | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **IN CHAMBERS — COURT ORDER**

Before the Court is a Motion to Dismiss filed by defendant Hakam Barakat ("Defendant") (Docket Nos. 25, 26, and 32).  Defendant challenges the Court's subject matter jurisdiction over the remaining claim for a violation of the Americans with Disabilities Act ("ADA") asserted by plaintiff Anthony Bouyer ("Plaintiff"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for May 17, 2021, is vacated, and the matter taken off calendar.

**I.     Factual and Procedural Background**

Plaintiff alleges in his Complaint that he is a paraplegic and requires a wheelchair for mobility.  Defendant owns a property in Moorpark on which he operates a small market.  Plaintiff's Complaint alleges that, on August 1, 2020, when Plaintiff visited Defendant's property, the property violated the ADA's Accessibility Guidelines ("ADAAG") by having an accessible parking space with a slope that exceeded the ADAAG's design specifications and failing to have required signage.  Plaintiff filed his complaint on August 25, 2020.  Plaintiff raised two claims for relief:  (1) violation of the ADA, 42 U.S.C. § 12101, et seq., and (2) violation of the Unruh Act, Cal. Civ. Code §§51-53.  After ordering Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over the Unruh Act claim, and reviewing Plaintiff's Response to the Court's Order to Show Cause, the Court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and dismissed it without prejudice.  All that remains is Plaintiff's ADA claim.

Defendant contends in his Motion that Plaintiff's ADA claim is moot because Defendant remedied the alleged ADA violations by redesigning, repaving, resurfacing, and restriping the parking lot and adding required signage.  In support of his Motion, Defendant includes a Report and Declaration from a California Access Specialist ("CASp"), in which the CASp states that he conducted a CASp evaluation of the parking lot and the accessible path of travel on December 5,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7725 PA (JEMx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Anthony Bouyer v. Hakam Barakat | | |

2020, and concluded that the property complies with the ADAAG requirements. Plaintiff's Opposition includes a Report and Declaration from Plaintiff's CASp, who states that he conducted a site inspection of the property on May 5, 2021, and concluded that various aspects of the parking lot still do not comply with the ADAAG requirements.

### II.   Legal Standard

Because Defendant filed an Answer to the Complaint, his reliance on Federal Rule of Civil Procedure 12(b)(1) is improper. See Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Instead, Defendant"s challenge to the Court"s subject matter jurisdiction after the filing of his Answer should have been denominated as a Motion for Judgment on the Pleadings. See Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."); see also Fed. R. Civ. P. 12(h)(1) (exempting challenges for lack of subject matter jurisdiction from defenses a party may waive); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Despite Defendant's erroneous citation to Federal Rule of Civil Procedure 12(b)(1) rather than 12(c), the Court will consider the merits of Defendant's challenge to the Court's subject matter jurisdiction.

### III.   Analysis

The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "To prevail on a discrimination claim under Title III [of the ADA], a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc., 603 F.3d 666, 670 (9th Cir. 2010) (citing Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007)). A plaintiff may satisfy the third element by establishing that the defendant failed to remove an architectural barrier that prevented the plaintiff's access. 42 U.S.C. § 12182(b)(2)(A)(iv). Plaintiff must prove that (1) the facility presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable. See id.; Shedlin v. Balagot, CV 14-3664 CAS (JEMx), 2016 WL 1128478, at *5 (C.D. Cal. Feb. 23, 2016).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7725 PA (JEMx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Anthony Bouyer v. Hakam Barakat | | |

In actions alleging violations of the ADA, the "standing inquiry focuses on the legal standards governing whether [the plaintiff] has suffered an inury-in-fact and whether he has demonstrated a likelihood of future injury sufficient to support injunctive relief." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011). "[A]n encountered barrier must interfere with the particular plaintiff's full and equal enjoyment of the facility, making his use of the facility more difficult than a nondisabled individual's, to constitute an injury-in-fact, and that he is required to allege and prove that injury." Id. at 947 n.4. "Although encounters with the noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact for standing purposes, a plaintiff seeking injunctive relief must additionally demonstrate 'a sufficient likelihood that he will again be wronged in a similar way.' That is, he must establish a 'real and immediate threat of repeated injury.'" Id. at 948 (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 102 & 111, 103 S. Ct. 1660, 1665 & 1670, 75 L. Ed. 2d 675 (1983)).

According to the Ninth Circuit, "an ADA plaintiff can show a likelihood of future injury when he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier. Alternatively, a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation. . . . That is, an ADA plaintiff suffers an injury-in-fact because discriminatory architectural barriers deter him from returning to a facility or because they 'otherwise interfere with his access to' the facility." Id. at 950 (quoting Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1042 n.5 (9th Cir. 2008)). Federal courts therefore "have Article III jurisdiction to entertain requests for injunctive relief both to halt the deterrent effect of a noncompliant accommodation and to prevent imminent 'discrimination,' as defined by the ADA, against a disabled individual who plans to visit a noncompliant accommodation in the future." Id. The Ninth Circuit has explained:

> An ADA plaintiff must show at each stage of the proceedings either that he is deterred from returning to the facility or that he intends to return to the facility and is therefore likely to suffer repeated injury. He lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not genuine, or if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability.

Id. at 953; see also Civil Rights Educ. & Enforcement Ctr. v. Hospitality Props. Trust, 867 F.3d 1093, 1098 (9th Cir. 2017) ("A plaintiff experiences continuing adverse effects where a defendant's failure to comply with the ADA deters her from making use of the defendant's facility.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7725 PA (JEMx) | Date | May 11, 2021 |
|---|---|---|---|
| Title | Anthony Bouyer v. Hakam Barakat | | |

"Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." Oliver v. Ralph's Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011). "Whenever an action loses its 'character as a present live controversy' during the course of litigation, federal courts are required to dismiss the action as moot." Di Giorgio v. Lee (In re Di Giorgio), 134 F.3d 971, 974 (9th Cir. 1998) (quoting Allard v. DeLorean, 884 F.2d 464, 466 (9th Cir. 1989)); see also L.A. County v. Davis, 440 U.S. 625, 631 (1979) ("Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome") (quotations and citation omitted). "The underlying concern" of the mootness doctrine "is that, when the challenged conduct ceases such that there is no reasonable expectation that the wrong will be repeated, then it becomes impossible for the court to grant any effectual relief whatever to the prevailing party." City of Erie v. Pap's A.M., 529 U.S. 277, 287, 120 S. Ct. 1382, 1390, 146 L. Ed. 2d 265 (2000) (citations omitted). "In that case, any opinion as to the legality of the challenged action would be advisory." Id. "[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (quotations and citation omitted).

Because of the conflicting evidence concerning the efficacy of Defendant's remediation efforts at the property contained in the CASp reports and declarations submitted by Defendant and Plaintiff, the Court is unable to conclude that Defendant's alterations of the property have rendered moot Plaintiff's ADA claim for injunctive relief. Defendant has therefore failed to establish that the Court lacks subject matter jurisdiction over Plaintiff's ADA claim at this stage of the proceedings.

## **Conclusion**

For all of the foregoing reasons, the Court is unable to resolve the factual dispute concerning the existence of continuing ADA violations at the subject property. Defendant has therefore failed to establish that Plaintiff's ADA claim is moot and that the Court lacks subject matter jurisdiction over Plaintiff's ADA claim. The Court is therefore denies Plaintiff's Motion to Dismiss, which is more properly considered a Motion for Judgment on the Pleadings.

IT IS SO ORDERED.